UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS CHIC,

    Plaintiff,

vs.

Case No.: 25-cv-991

WATERFORD UNION
HIGH SCHOOL DISTRICT,

    Defendant.

NOW COMES Plaintiff, Thomas Chic, through his counsel, Alan C. Olson & Associates, S.C., by Richard D. Crane, and, as and for a Complaint against Defendant, Waterford Union High School District, alleges and shows as follows:

## NATURE OF CASE

1. Plaintiff Thomas Chic ("Chic") sues Defendant Waterford Union High School District ("the District") under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq.*], to redress the District's failure to accommodate Chic's disability, discharge of Chic from his employment because of Chic's disability, and discharge of Chic from his employment in retaliation for his request for a reasonable accommodation.

## JURISDICTION AND VENUE

2. Jurisdiction over Chic's claims under the ADA is conferred on this Court by 28 U.S.C. § 1331.

1

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that the District resides within the Eastern District, and the unlawful actions occurred in the Eastern District.

## CONDITIONS PRECEDENT

4. On August 8, 2023, Chic filed a discrimination complaint with the Wisconsin Department of Workforce Development ("DWD").

5. On May 10, 2024, the DWD issued an Initial Determination – Probable Cause.

6. On April 15, 2025, the Equal Employment Opportunity Commission issued a Notice of the Right to Sue pursuant to Chic's request.

7. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## JURY DEMAND

8. Chic demands that his case be tried to a jury of his peers.

## PARTIES

9. Chic is an adult residing at 23530 Church Road, Kansasville, Wisconsin 53139.

10. Waterford Union High School is a "school district" as defined by Wis. Stat. § 115.01(3), (5).

11. The District has continuously had, and does now have, at least fifty (50) employees in the current or preceding calendar year.

12. The District has administrative offices located at 100 Field Drive, Waterford, WI, 53185.

## OPERATIVE FACTS

13. Chic commenced employment with the District on August 30, 2004, as a part-time cleaner.

14. On December 21, 2007, the District hired Chic as a full-time custodian.

15. Chic worked for the District until his termination on August 2, 2023.

16. In April 2011, Chic injured his back and required corrective surgery.

17. During his 2011 back surgery, Chic's spinal nerve was pricked, causing Chic to develop dropped foot syndrome.

18. On July 9, 2021, Chic fell twice at work on a slippery floor that he had stripped.

19. Dr. Scott Dresden completed and signed a Worker's Compensation Return to Work Report on July 15, 2021.

20. The Worker's Compensation Return to Work included instructions that Chic should avoid stripping floors (due to preexisting injury) in order to avoid future injury.

21. Chic handed the Report to Josh Wensing ("Wensing"), Director of Building and Grounds.

22. Floor stripping at the District was performed exclusively during the summer months.

23. During the summers of 2021 and 2022, Chic was never directed to personally strip the floors.

24. During the summers of 2021, 2022, and 2023, Chic trained the summer employees to strip the floors.

25. During the summers of 2021, 2022, and 2023, Chic observed, instructed, supervised, and ensured that safety procedures were followed by the summer employees.

26. On or about July 6, 2023, supervisor Kimberly Milas ("Milas") directed Chic to personally strip the floors.

27. On or about July 6, 2023, Chic informed Milas that in 2021 he had submitted a doctor's note releasing Chic from stripping floors due to his disability.

28. On or about July 6, 2023, Milas claimed that she could not find Chic's medical release.

29. The District did not request that Chic provide medical documentation for his request for the accommodation of exemption from the task of stripping floors.

30. Instead, on or about July 6, 2023, the District instructed Chic to have his doctor fill-out a "Fitness for Duty" form.

31. On or about July 6, 2023, the District required Chic to be evaluated for his ability to perform each of his job duties, rather than the one job duty for which he requested a reasonable accommodation.

32. Chic's doctor listed on the Fitness for Duty form, restrictions of no stripping floors or walking on slippery or uneven surfaces.

33. Chic's doctor advised "caution" on snow or ice and with ladders, but she did not restrict Chic from working on snow or ice or climbing ladders.

34. From July 10, 2021 through the end of his employment, Chic had no accidents and suffered no injuries.

35. The District falsely claimed to Chic that his doctor's comments on the Fitness For Duty form prevented Chic from performing a wide array of custodian duties.

36. The District did not engage in any conversations with Chic about job duties he could or could not perform.

37. Chic was not invited to suggest ways to perform the essential duties of his job, which he had already been performing.

38. The District did not explore, in direct conversation with Chic, whether he could perform his job duties with or without modifications.

39. The District did not seek clarity from Chic's medical provider regarding the precise nature of the restrictions listed on the Fitness for Duty Form.

40. On August 2, 2023, the District terminated Chic's employment.

41. Chic's reasonable accommodation request was merely to be exempted from the task of stripping floors.

42. The District could have accommodated Chic's disability without undue hardship.

43. The District terminated Chic's employment in retaliation for engaging in the protected activity of requesting reasonable accommodation.

44. The District terminated Chic's employment because of his disability.

## FIRST COUNT
## AMERICANS WITH DISABILITIES ACT
## FAILURE TO ACCOMMODATE

45. As and for a first count, Chic reasserts the allegations recited above and fully incorporates those paragraphs herein by reference.

46. The allegations more particularly described above constituted violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq.*], when the District failed to accommodate Chic, causing him to suffer losses of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, mental anguish, and medical expenses, all to his damage.

## SECOND COUNT
## AMERICANS WITH DISABILITIES ACT
## RETALIATORY DISCHARGE

47. As and for a second count, Chic re-asserts the allegations recited above in paragraphs 1-43 above and fully incorporates those paragraphs herein by reference.

48. The allegations more particularly described above constituted violations of 42 U.S.C. § 2000, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq.*], when the District retaliated against Chic because of his protected activity of requesting a reasonable accommodation, causing him to suffer losses of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, mental anguish, and medical expenses, all to his damage.

## THIRD COUNT
## AMERICANS WITH DISABILITIES ACT
## DISCRIMINATORY DISCHARGE

49. As and for a third count, Chic re-asserts the allegations recited in paragraphs 1-43 above and fully incorporates those paragraphs herein by reference.

50. The allegations more particularly described above constituted violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Civil Rights Act of 1991, [42 U.S.C. § 2000, *et seq.*], and the ADA Amendments Act of 2008 [42 U.S.C. § 12101, *et seq.*], when the District discharged Chic because of his disabilities, causing him to suffer losses of wages, benefits, expenses, insurance, emotional pain, suffering, humiliation, embarrassment, mental anguish, and medical expenses, all to his damage.

WHEREFORE Plaintiff, Thomas Chic, demands judgment against Defendant, Waterford Union High School District, as follows:

A. Compensatory damages for losses of wages, benefits, expenses, insurance, emotional pain and distress, mental anguish, and medical expenses;

B. Reinstatement or compensation in lieu of reinstatement;

C. Liquidated damages equal to the sum of the compensatory damages and monetary losses;

D. Costs, disbursements, prejudgment interest, actual attorney's fees and expert witness fees incurred in prosecuting the ADA claims, together with interest on said fees; and

E. Such other relief as the Court deems just and equitable.

Dated this 10th day of July, 2025.

*Electronically signed by Richard D. Crane*
Richard D. Crane, SBN: 1120763
Alan C. Olson, SBN: 1008953
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: RCrane@Employee-Advocates.com

7

Case 2:25-cv-00991-LA    Filed 07/10/25    Page 7 of 7    Document 1